UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 10-62004-CIV-COHN/SELTZER

SHEIKH'S, INC., d/b/a Country
Food Store, a Florida corporation,

    Plaintiff,

v.

UNITED STATES OF AMERICA,

    Defendant.
_____/

## ORDER DENYING PLAINTIFF, SHEIKH'S, INC.'S MOTION FOR STAY OF ADMINISTRATIVE ACTION

**THIS CAUSE** is before the Court upon Plaintiff, Sheikh's, Inc.'s, Motion for Stay of Administrative Action [DE 14] ("Motion"). The Court has considered the Motion, Defendant United States of America's Response [DE 17], Plaintiff's Reply [DE 19], the record in this case, and is otherwise advised in the premises.

### I. BACKGROUND

This action concerns the United States Department of Agriculture ("USDA") Food and Nutrition Service's ("FNS's") determination that Plaintiff violated the Supplemental Nutrition Assistance Program ("SNAP") and imposition of a one-year disqualification period from the SNAP as a penalty for the violation. This was the second time the USDA/FNS found Plaintiff in violation of the SNAP.

The first time, in 2006, the USDA/FNS performed five undercover visits, during each of which Plaintiff sold non-eligible items to an undercover agent in exchange for food stamp benefits. In 2007, based on Plaintiff's request for a monetary fine in lieu of the standard six-month disqualification period from the SNAP, the USDA/FNS imposed

a civil monetary penalty on Plaintiff.

This time, the USDA/FNS found Plaintiff in violation of the SNAP on four of seven undercover visits in March and April of 2008, during each of which Plaintiff sold non-eligible items. Plaintiff denied the allegations and again requested a monetary penalty in lieu of a disqualification period. The USDA/FNS found that the violations had occurred, denied the request for a monetary penalty, and imposed a one-year disqualification period on Plaintiff. On November 17, 2008, Plaintiff requested administrative review of the decision, and on September 20, 2010, the USDA/FNS Administrative Review Branch issued its Final Agency Decision sustaining the charges and a one-year disqualification period.[1]

On October 19, 2010, Plaintiff filed the instant action, seeking judicial review by a trial *de novo* and a stay of action. DE 1; DE 12. On November 12, 2010, Plaintiff filed its Motion for Stay of Administrative Action, requesting (1) a stay of the one-year disqualification period from participation in the SNAP while this Court's judicial review of the USDA's decision is pending, and (2) permission for Plaintiff to participate in the SNAP during the stay. DE 14 at 9-10.

## II. ANALYSIS

Pursuant to 7 U.S.C. § 2023, an administrative action remains in full force and effect during judicial review of that action "unless on application to the court on not less than ten days' notice, and after hearing thereon and a consideration by the court of the applicant's likelihood of prevailing on the merits and of irreparable injury, the court

---

[1] The disqualification period was suspended during the administrative review period.

2

temporarily stays such administrative action pending disposition of such trial or appeal." 7 U.S.C. § 2023(a)(17) (2006); see also Hanaina Enter., Inc. v. United States, 806 F. Supp. 261 (S.D. Fla. 1992). As discussed below, the Court finds that even though Plaintiff will incur irreparable injury without a stay, Plaintiff has not met its burden to prove its likely success on the merits.

### A. Likelihood of Irreparable Injury Absent a Stay

First, the Court evaluates whether Plaintiff will suffer irreparable injury absent a stay.[2] Losing a substantial percentage of a store's business, especially when coupled with the closing of the store, is enough to constitute irreparable harm. See Phany Poeng v. United States, 167 F. Supp. 2d 1136, 1143 (S.D. Cal. 2001) ("The majority of district courts addressing this issue have concluded that a loss of at least thirty percent of a plaintiff's business can constitute irreparable harm."); Hanaina, 806 F. Supp. at 263 (finding irreparable harm when losing 70-80% of business would possibly close the store); De La Nueces v. United States, 778 F. Supp. 191, 194 (S.D.N.Y. 1991) (finding irreparable harm when losing 50% of business would necessitate closing the store); Ibrahim v. United States, 650 F. Supp. 163, 165 (N.D.N.Y. 1987), aff'd, 834 F.2d 52 (2d Cir. 1987) (finding irreparable harm when losing 30% of business would likely close the

---

[2] Defendant argues that the type of irreparable harm contemplated by the statute is not harm to the store, but rather harm to the local food stamp customers. DE 17 at 9. Defendant also suggests that the Court should consider the harm to Defendants. DE 17 at 10-12. Though the statute does not specify who must suffer the injury, caselaw demonstrates that the injury the Court must evaluate is that of the Plaintiff, not that of the local food stamp customers or of Defendant. See, e.g., De La Nueces v. United States, 778 F. Supp. 191, 194 (S.D.N.Y. 1991) (evaluating injury to store owner, not customers or defendant); Ibrahim v. United States, 650 F. Supp. 163, 165 (N.D.N.Y. 1987) (same), aff'd, 834 F.2d 52 (2d Cir. 1987) Barbosa v. United States, 633 F. Supp. 16, 18 (E.D. Wis. 1986) (same).

store). Plaintiff receives approximately 40-50% of its business from SNAP customers. DE 4; DE 19 Ex. A; DE 19 Ex. B; DE 19 at 7-8. Because of this, Plaintiff claims that disqualification from the food stamp program will require that it close its doors. DE 14 at 9. Therefore, the Court finds that Plaintiff will suffer irreparable harm without a stay of the administrative action.

Defendant contends that financial harm alone should not be sufficient to demonstrate irreparable harm, DE 17 at 9-10, but the harm Plaintiff will suffer includes not only financial harm, but also the closing of Plaintiff's store. This is enough to constitute irreparable harm. See supra. Defendant also argues that even if financial harm is enough, the Court does not have enough factual evidence before it to support Plaintiff's assertions regarding financial harm. DE 17 at 10. In its Reply, Plaintiff attached financial records supporting its claim that SNAP customers purchase approximately 40-50% of the store's monthly revenue. DE 19 Ex. A; DE 19 Ex. B; DE 19 at 7-8. Accordingly, the Court finds that if the administrative action is not stayed pending judicial review, Plaintiff will suffer irreparable harm.

### B. Likelihood of Prevailing on the Merits

Even though Plaintiff will suffer irreparable harm absent a stay, the Court cannot grant the stay unless Plaintiff also demonstrates its likely success on the merits. On a challenge to the imposition of a certain penalty rather than the validity of the violations themselves, the sole issue is whether the sanction FNS imposed was arbitrary and capricious. Lawrence v. United States, 693 F.2d 274, 276 (2d Cir. 1982). To be considered arbitrary and capricious, the sanction must have been "unwarranted in law or without justification in fact." Willy's Grocery v. United States, 656 F.2d 24, 26 (2d Cir.

1981), cert. denied, 454 U.S. 1148 (1982).

Here, Plaintiff does not challenge the validity of the underlying violations, but rather seeks review only of the one-year disqualification the USDA/FNS imposed rather than the alternative civil money penalty. DE 19 at 2-3; DE 14 at 6. The first time a retail store is found in violation of selling non-eligible items, the Food Stamp Law and Program Regulations provide that the sanction shall be a six-month disqualification period. 7 U.S.C. § 2021(b)(3); 7 C.F.R. § 278.6(a), (e)(5). If the store violates the Food Stamp Law again, the sanction doubles. 7 C.F.R. § 278.6(e)(6). As Plaintiff was already found in violation once, the one-year disqualification period was appropriate under the law and the facts. Therefore, the sanction was not arbitrary and capricious.

Nevertheless, Plaintiff contends that the USDA/FNS should have imposed the alternative civil money remedy rather than the disqualification period. Under 7 C.F.R. § 278.6:

> FNS may impose a civil money penalty as a sanction in lieu of disqualification when the firm subject to disqualification is selling a substantial variety of staple food items, and the firm's disqualification would cause a hardship to food stamp households because there is no other authorized retail food store in the area selling as large a variety of staple food items at comparable prices.

7 C.F.R. § 278.6(f)(1). Initially, the Court notes that the regulation allows FNS discretion to impose the civil money penalty in lieu of disqualification under certain circumstances, but does not require the alternative sanction under any circumstances. See id. ("FNS *may* impose a civil penalty . . . " (emphasis added)). Regardless, the USDA/FNS found Plaintiff ineligible for the alternative civil money penalty because "there are other retail stores in the area selling as large a variety of foods at comparable

prices." DE 14 at 17. The Administrative Review Branch agreed, noting that food stamp households could access a convenience store 0.11 miles from Plaintiff's store and a medium-sized grocery store 0.78 miles from there, DE 14 at 27. Additionally, in response to Plaintiff's Motion, Defendant submitted photos of Pompano Meat and Fish, a food store that is located near Plaintiff's store and is authorized to accept food stamps and "sells as large a variety of staple food items at comparable prices." DE 17 at 12; see also DE 17-2 Ex. 21.

Plaintiff argues that the convenience store "does not carry even half the variety of staple food items as the Plaintiff's store, and in fact carries no staple food items except for snacks and candies," DE 14 at 8, and that the medium-sized grocery is not a SNAP participant, is less than half the physical size of Plaintiff's store, and does not carry certain items that Plaintiff's store carries, id. at 8-9. As to Pompano Meat and Fish, Plaintiff does not refute the existence of the store or the variety and price of the food items there, but rather suggests that the photographs Defendant submitted are insufficient because they are undated and because the USDA/FNS did not mention the store in the pictures in its original Final Agency Decision. DE 19 at 8. At this stage in the proceedings, Plaintiff has the burden of proving that "there is no other authorized retail food store in the area selling as large a variety of staple food items at comparable prices." 7 C.F.R. § 278.6(f)(1). Plaintiff has not met this burden. Therefore, despite the Court's finding that Plaintiff will suffer irreparable harm absent a stay, the Court will not stay the administrative proceeding at this time.

Finally, as a hearing is only required in the event that the Court imposes a stay, see 7 U.S.C. § 2023(a)(17), the Court will exercise its discretion under Local Rule

7.1(b) to deny Plaintiff's request for a hearing, see S.D. Fla. L.R. 7.1(b); see also Poeng, 167 F. Supp. 2d at 1138 (denying motion for stay of administrative action without oral argument pursuant to Southern District of California Local Rule 7.1(d.1)).

## IV. CONCLUSION

Based on the foregoing, it is hereby

**ORDERED AND ADJUDGED** that Plaintiff, Sheikh's, Inc.'s, Motion for Stay of Administrative Action [DE 14] is **DENIED**. It is further

**ORDERED AND ADJUDGED** that Plaintiff's request for a hearing, DE 14 at 2, is **DENIED**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 15TH day of December, 2010.

JAMES I. COHN
United States District Judge

Copies provided to:
Counsel of record via CM/ECF